UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

METROPOLITAN LIFE INSURANCE      )
COMPANY,                         )
        Plaintiff,               )
                                 )
        v.                       )        C.A. No. 13-10182-MLW
                                 )
JOANNE LOCICERO,                 )
DAVID LOCICERO AS EXECUTOR       )
OF THE ESTATE OF VINCENT R.      )
LOCICERO, et al.                 )
        Defendants.              )


MEMORANDUM AND ORDER

WOLF, D.J.                                          June 9, 2014

I. INTRODUCTION

        This is an interpleader action initiated by Metropolitan Life

Insurance Company("MetLife") against: Joanne LoCicero, the widow of

the deceased Vincent LoCicero; and David LoCicero, the Vincent R.

LoCicero Family Trust, the Vincent R. LoCicero Trust, and the

Vincent R. LoCicero Revocable Trust (collectively the "LoCicero

defendants"), who each claimed the proceeds of two annuity

contracts that became payable on the death of Vincent LoCicero. On

March 5, 2014, after denying MetLife's motion for judgment on the

pleadings, a conference with the court was held to discuss

scheduling and settlement.

        After some discussion, counsel called their respective

clients, and reported, on the record, that they agreed to settle

the case on certain terms. More specifically, the parties agreed

that MetLife would pay the disputed annuity proceeds into the

registry of the court by March 12, 2014, and, if MetLife confirmed its waiver of its request for attorney's fees: the parties would by March 21, 2014, sign an agreement further memorializing the terms of the settlement and exchange releases; Joanne LoCicero would be paid $15,000 from the funds being held by the court; David LoCicero would be paid the balance of the funds held by the court; and this case would be dismissed. The parties also agreed that if MetLife did not confirm the waiver of its request for attorney's fees, the defendants would each have the option to withdraw from the settlement. The parties were ordered to report by March 21, 2014, whether releases had been exchanged, and the court should disburse the funds in its registry in the agreed manner and dismiss the case. <u>See</u> Mar. 6, 2014 Order ¶3.

On March 12, 2014, MetLife reported that it waived its request for attorney's fees, and deposited the disputed annuity proceeds into the registry of the court. <u>See</u> Notice of Pl.'s Waiver of Attorney's Fees at 1. The court granted the parties' request for an extension until March 28, 2014, to comply with the remainder of the March 6, 2014 Order. <u>See</u> Mar. 21, 2014 Order.

On March 28, 2014, the LoCicero defendants filed an Emergency Motion to Inform Court. The LoCicero defendants assert that they obtained a judgment of more than $1,000,000 against Joanne LoCicero in the Middlesex Superior Court, and that they had filed a motion in that court to preclude Joanne LoCicero from receiving the funds

due to her under the settlement of this case. <u>See</u> LoCicero Defs.'
Emergency Mot. at 1-2. The LoCicero defendants requested that the
court extend the deadline to comply with the March 6, 2014 Order
until the Middlesex Superior Court decided their motion to preclude
Joanne LoCicero from receiving the settlement funds. <u>Id.</u> Joanne
LoCicero opposed the LoCicero defendants' motion.

On March 28, 2014, Joanne LoCicero filed an emergency motion
for an order to enforce the terms of the settlement discussed at
the March 5, 2014 conference. The LoCicero defendants opposed this
request.

On April 30, 2014, Joanne LoCicero informed the court that, on
April 28, 2014, the Middlesex Superior Court denied the LoCicero
defendants' motion to preclude Joanne LoCicero from receiving the
funds due to her under the settlement of this case. <u>See</u> Notice of
Superior Court Decision at 1-2. On May 20, 2014, the LoCicero
defendants filed a second opposition to Joanne LoCicero's request
to release the settlement funds, stating that Joanne LoCicero has
appealed the judgment awarded against her in the Middlesex Superior
Court, and requesting that this court not disburse the funds it is
holding until that appeal is decided.

For the reasons described below, the LoCicero defendants'
Emergency Motion to Extend Deadline to Inform Court is being
denied, and Joanne LoCicero's Emergency Motion to Enforce
Settlement Agreement is being allowed. Therefore, the clerk of the

court is being directed to pay from the funds deposited into the court registry the amounts agreed to by the parties to Joanne LoCicero and David LoCicero. As this case has been settled, it is being dismissed.

II. DISCUSSION

"[U]nder Massachusetts law even where a writing was contemplated by the parties, if sufficient evidence exists to show that an oral contract has been entered into, the parties' intention to memorialize the contract in writing does not defeat the existence of an oral contract." See Chedd-Angier Production Co. v. Omni, 756 F.2d 930, 935 (1st Cir. 1985); see also Rand-Whitney Packaging Corp. v. Robertson Group, Inc., 651 F. Supp. 520, 535 (D. Mass. 1986) (Wolf, J.). The question is whether "the parties, intending to create a written contract, orally agreed upon the essential terms of the contract prior to memorializing the contract in writing." Chedd-Angier, 756 F.2d at 935.

Federal courts have consistently enforced oral agreements entered into by the parties during court proceedings, the terms of which have been memorialized as part of the record. See, e.g., Smith v. ABN AMRO Mortg. Group Inc., 434 Fed. Appx. 454, 461-462 (6th Cir. 2011) (affirming the trial court's finding that evidence of a binding oral settlement agreement was contained in the transcript of a settlement conference); Tiburzi v. Department of

<u>Justice</u>, 269 F.3d 1346, 1351-1353 (Fed. Cir. 2001) (finding that the hearing transcript shows that the parties intended to achieve a settlement agreement on the date of the hearing); <u>Monaghan v. SZS 33 Associates, L.P.</u>, 73 F.3d 1276, 1282-1283 (2d Cir. 1996) (affirming the trial court's enforcement of an oral settlement discussed with the judge, despite there being no contemporaneous record of the discussion).

On March 5, 2014, the court described the terms of the settlement in this case to counsel as follows:

> "I will tell you what I understand to be the material terms. The parties have agreed that MetLife will, within one week of today, by March 12, pay the annuities, [...] into the registry of the court. By March 21, an agreement memorializing these terms and exchanging releases will be signed. So MetLife will be released. And the LoCicero defendants will be released in return for $15,000 of the funds paid into the court being paid to Joanne LoCicero."[1]

Counsel for both Joanne LoCicero and the LoCicero defendants answered affirmatively the court's question whether the terms discussed at the hearing "accurately and completely describe [...] the material terms [of the settlement.]" Specifically, counsel for the LoCicero defendants stated that "[s]o long as the entire deal is contingent on MetLife's approval of waiving their claim, then yes, that's correct."

The court then concluded by stating that: "[B]y March 21, the

---

[1] The parties have not ordered the transcript of the discussion reflecting their agreement. Therefore, only a draft of it can be quoted, but not cited. The parties are being ordered to purchase the transcript.

parties should file something that states the releases have been exchanged; MetLife has waived its fees, as I hope for these purposes it will; and, therefore, the court should pay $15,000 to Joanne and the balance to the [LoCicero defendants]; and [] the case should be dismissed." The court added that this "case will be over and [] the defendants could fight with each other someplace else." All counsel thanked the court and the conference was concluded.

Accordingly, the court finds that, at the March 5, 2014 conference the parties expressed their intention to settle this case and agreed on all of the essential terms of their contract to do so. The agreement was contingent only upon MetLife waiving its request for attorney's fees. This condition was later satisfied. See Notice of Pl.'s Waiver of Attorney's Fees at 1. The fact that the parties did not later memorialize the terms of the agreement does not defeat the existence of a contract. See Chedd-Angier, 756 F.2d at 935; Rand-Whitney, 651 F. Supp. at 635. In essence, once MetLife waived its request for attorney's fees, the parties were required to perform the agreement entered into at the March 5, 2014 conference.

The LoCicero defendants' argument that the settlement should not be enforced because the Middlesex Superior Court awarded the LoCicero defendants a judgment against Joanne LoCicero is unmeritorious. The enforcement of the settlement agreement was not

made contingent on the outcome of any state court case. Accordingly, the court is enforcing the terms of the settlement agreement entered into on March 5, 2014, directing the annuity proceeds to be paid by the court registry to the parties pursuant to that agreement, and ordering that all claims concerning the MetLife annuity that were, or could have been, asserted in this case are released.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The parties shall order a transcript of the March 5, 2014 lobby conference at which they agreed to settle this case.

2. The Emergency Motion to Extend Deadline to Inform Court (Docket No. 41) is DENIED.

3. Defendant Joanne LoCicero's Emergency Motion to Enforce Settlement Agreement (Docket No. 42) is ALLOWED.

4. The Clerk of the Court shall pay, from the annuity proceeds deposited by MetLife into the court registry, $15,000 to Joanne LoCicero, and the balance, approximately $119,864.35, to David LoCicero as the representative of the LoCicero defendants.

5. All claims that were asserted in this case, or that could have been asserted in this case, concerning the proceeds of the MetLife annuity at issue are RELEASED.

6. This case is DISMISSED.




                                    _____/s/ Mark L. Wolf_____
                                    UNITED STATES DISTRICT JUDGE